IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In Re:<br><br>JAMES WILLIAM BECHTOLD and<br>CAREN LEE BECHTOLD,<br>　　　　　　　　　　Debtors.<br><br>LARRY M. STILES, Trustee for the<br>Bankruptcy Estate of James William Bechtold<br>and Caren Lee Bechtold,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>JAMES WILLIAM BECHTOLD and<br>CAREN LEE BECHTOLD ,<br><br>　　　　　　　　　　Defendants. | Bankruptcy Case No. 10-30013<br>Chapter 7<br><br><br><br><br>Adversary Proceeding No. 10-_____<br><br><br><br><br>**COMPLAINT OBJECTING TO**<br>**DISCHARGE** |

The Plaintiff, complaining of the acts of the Defendants, alleges and says:

1.　　This is an adversary proceeding pursuant to United States Bankruptcy Code Section 727 objecting to the discharge of the Debtors, James William Bechtold and Caren Lee Bechtold.

2.　　This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151 and 157, and the local rule referring to the Bankruptcy Judge all bankruptcy matters filed in the United States District Court for the Western District of North Carolina.

3.　　This is a core proceeding pursuant to 28 U.S.C. § 157.  Venue is proper pursuant to 28 U.S.C. § 1409.

4.　　Plaintiff Larry M. Stiles is the duly appointed and acting Chapter 7 Bankruptcy Trustee in the above-captioned bankruptcy case "Case".

5.　　This Case was commenced by the filing of a voluntary bankruptcy petition by Defendants under Chapter 7 of the Bankruptcy Code on January 5, 2010; Case No. 10-30013.

6. In their bankruptcy schedules, the Debtors failed to disclose that they were indebted to Jeff Shaheen in the amount of $25,000.00.

7. In Schedule F, the Debtors falsely stated that they were indebted to Lorelei Thompson in the amount of $100,000.00. In the alternative, the Debtors falsely testified under oath during their 2004 examinations on May 24, 2010, that Lorelei Thompson had forgiven the debt prior to their bankruptcy filing.

8. The Debtors failed to disclose transfers of property on item 10 of their Statement of Financial Affairs, including the following:

    a. Marine Vessel transferred on or about September 6, 2008 to Paul Kidd, which the Debtors owned free and clear of liens. A copy of the Bill of Sale for the Marine Vessel is attached hereto and incorporated herein as Exhibit A. Upon information and belief the Marine Vessel was worth at least $45,000.00.

    b. $12,000.00 to Heidi Bonilla by check made on or about December 25, 2008. A copy of the cancelled check is attached hereto and incorporated herein as Exhibit B.

    c. $12,000.00 to Heidi Bonilla by check made on or about December 25, 2008. A copy of the cancelled check is attached hereto and incorporated herein as Exhibit C.

    d. $4,500.00 to Jeff Bectold, a son of the Debtors, by check made on or about June 20, 2009. A copy of the cancelled check is attached hereto and incorporated herein as Exhibit D.

    e. $3,500.00 to Tim Bectold, a son of the Debtors, by check made on or about June 20, 2009. A copy of the cancelled check is attached hereto and incorporated herein as Exhibit E.

    f. Deed of Trust dated June 4, 2009, given for the benefit of Lorelei E. Thompson in the amount of $100,000.00, and recorded on June 5, 2009 with the Mecklenburg County Register of Deeds. A copy of the Deed of Trust is attached hereto and incorporated herein as Exhibit F.

    g. 3,000 Shares of Stock in Rite Aid stock transferred on or about June 8, 2009 for $4,671.00.

       h.       8,000 Shares of Stock in Rite Aid stock transferred on or about June 24, 2009 for $10,462.00.

9. The Debtors failed to disclose payments to creditors on item 3 of their Statement of Financial Affairs, including the following:

       a.       $2,000.00 paid to Wachovia on or about November 15, 2009.

       b.       $760.00 paid to Tim Bechtold on or about August 29, 2009.

       c.       $1,000.00 paid to Tim Bechtold on or about June 30, 2009.

10. On or about September 26, 2008, the Debtors purchased approximately 53 acres of land in Missouri for $71,000.00. The Debtors owed no money on the land.

11. On or about August 8, 2009, Lloyd Cassidy, a friend of the male Debtor, transferred $9,000.00 to the Debtors by check. A true and correct copy of the check is attached hereto and incorporated herein as Exhibit G.

12. On or about August 26 2009, Mr. Cassidy transferred $9,000.00 to the Debtors by check. A true and correct copy of the check is attached hereto and incorporated herein as Exhibit H.

13. On or about September 30, 2009, Mr. Cassidy transferred $9,000.00 to the Debtors by check. A true and correct copy of the check is attached hereto and incorporated herein as Exhibit I.

14. On or about September 30, 2009, the Debtors executed a deed to Mr. Cassidy purporting to convey the Missouri Land to him.

15. On or about October 30, 2009, Mr. Cassidy transferred $6,000.00 to the Debtors by check. A true and correct copy of the check is attached hereto and incorporated herein as Exhibit J.

16. On or about November 4, 2009, the Deed was recorded with the county recorder in Barry County, Missouri.

17. On or about November 23, 2009, Mr. Cassidy transferred $3,000.00 to the Debtors.

18. On or about January 8, 2010, just three days after Bechtolds filed their bankruptcy petition, Mr. Cassidy sold the Missouri Land to William Dummitt and William A. Crawford for the sum of $45,000.00. From the sale Mr. Cassidy received net proceeds totaling $43,592.55.

19. On or about January 11, 2010, the net sale proceeds of $43,592.55 were disbursed to Mr. Cassidy by the closing attorney.

20. On or about January 11, 2010, Mr. Cassidy and his wife wrote a series of three checks to the Debtors totaling $34,592.55, which the Debtors deposited to their bank account on January 13, 2010. Copies of the checks are attached hereto and incorporated herein as Exhibit K.

21. At or about the same time Mr. Cassidy transferred $9,000.00 to JoAnne Monaghan, a friend of the Debtors, who the Debtors were indebted to at the time of their petition.

22. As such after the sale of the Missouri Land, the exact amount of the net proceeds from the sale, that being $43,592.55, was transferred to either to the Debtors or their friend.

23. In their tax returns, the Debtors reported that they sold the Missouri Land for the sum of $45,000.00.

24. Upon information and belief, at the time the Debtors filed their bankruptcy petition they maintained an equitable interest in the Missouri Land which was not disclosed in their bankruptcy schedules.

25. Upon information and belief, the Debtors have used the proceeds from the sale of the Missouri Land for their own benefit.

26. The Debtors intentionally concealed the existence of the above transfers and the above payments made to creditors in their bankruptcy schedules, which were signed under penalty of perjury.

27. The Debtors read the bankruptcy petition before signing it under penalty of perjury. The Debtors knew they were signing the bankruptcy petition under oath.

**FIRST CAUSE OF ACTION**
**Objection to Discharge Under Bankruptcy Code Section 727**

28. All preceding paragraphs are realleged and incorporated herein by reference as if fully set forth.

29. The Defendants, with the intent to hinder, delay or defraud a creditor or an officer of the

estate charged with custody of property under this title, have transferred, removed, destroyed, mutilated or concealed or have permitted to be transferred, removed, destroyed, mutilated or concealed, property of the estate after the date of the filing of the petition.

30. The Defendants have concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information, including books, documents, records and papers from which the Debtors' financial condition or business transactions might be ascertained without justification under the circumstances.

31. The Defendants knowingly and fraudulently, in or in connection with the case, made a false oath or account.

32. As such, the Court should not grant the Defendants their discharge pursuant to 11 U.S.C. Section 727(a).

WHEREFORE, the Plaintiff prays the Court as follows:

1. That the Court enter an Order denying the Defendants' discharge;

2. That the costs of this action be taxed against Defendants; and

3. That the Plaintiff be granted such other and further relief as the Court deems just and proper.

This the 29th day of September, 2010.

/s/ John W. Taylor
John W. Taylor, Bar No. 21378
Attorney for Trustee
13777 Ballantyne Corporate Place, Suite 320
Charlotte, NC  28277
704-540-3622