UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JAMES WILLIAM BECHTOLD and | ) | Case No. 10-30013 |
| CAREN LEE BECHTOLD, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| LARRY M. STILES, Trustee for the | ) | |
| Bankruptcy Estate of James William | ) | |
| Bechtold and Caren Lee Bechtold, | ) | |
| | ) | Adversary Proceeding No. 10-3255 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ANSWER |
| JAMES WILLIAM BECHTOLD and | ) | |
| CAREN LEE BECHTOLD, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Defendants (also referred to herein as "Debtors"), answering Plaintiff's complaint, say and allege as follows:

1. Paragraph 1 is admitted.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted.

4. Paragraph 4 is admitted.

5. Paragraph 5 is admitted.

6. Answering Paragraph 6, it is admitted that through mistake and inadvertence, the

Debtors failed to disclose that they were indebted to Jeff Shaheen in the amount of

1

$25,000. Based upon the Rule 2004 examinations of the Debtors, it is unclear whether the female Debtor even knew about the loan (Rule 2004 Examination of James William Bechtold at p. 34). The Debtors filed an amendment to their Schedule F to list this creditor prior to their Rule 2004 examinations.

7. Answering Paragraph 7, it is admitted that the Debtors stated that they were indebted to Lorelei Thompson in the amount of $100,000. However, it is denied that they "falsely" stated that they were indebted. It further is denied that the Debtors falsely testified under oath during their 2004 examinations on May 24, 2010 that Lorelei Thompson had forgiven the debt prior to their bankruptcy filing. It is admitted that Lorelei Thompson filed a Satisfaction of Deed of Trust with the Office of the Register of Deeds of Mecklenburg County, North Carolina. It is admitted that the Debtors testified at their Rule 2004 Examinations about Lorelei Thompson as shown in Exhibits A (from Caren Bechtold's Rule 2004 Examination) and B (from James Bechtold's Rule 2004 Examination). In addition, the Debtors apparently had some counsel from their former attorney, Angela M. Heath, regarding the debt. Attached as Exhibit C is a copy of the draft of the Debtors' Schedule D which was prepared by their former attorney sometime in the fall of 2009. Except as specifically admitted, Paragraph 7 is denied.

8. The Debtors answer the sub-parts of Paragraph 8 of the complaint as follows:

   a. Answering Paragraph 8(a), it is admitted that the Debtors did not disclose the transfer of the boat, through mistake and/or inadvertence. The Debtors swapped the boat with Paul Kidd in an even trade for the real estate located

in Berry County, Missouri. The Debtors lack knowledge or information
sufficient to form a belief as to the value of the boat that was transferred.

b. Answering Paragraph 8(b), it is denied that the money was property of the
Debtors, or that it was ever intended to be the property of the Debtors.
Rather, the money was given to the male Debtor by Danny Edwards, a friend
and former creditor of the Debtors, with instructions to pay the same money
to Heidi Bonilla, the daughter of Danny Edwards. The Debtors, in essence,
acted as trustees.

c. Answering Paragraph 8( c), it is denied that the money was property of the
Debtors, or that it was ever intended to be the property of the Debtors.
Rather, the money was given to the male Debtor by Danny Edwards, a friend
and former creditor of the Debtors, with instructions to pay the same money
to Heidi Bonilla, the daughter of Danny Edwards. The Debtors, in essence,
acted as trustees.

d. Answering Paragraph 8(d), it is denied that the money was property of the
Debtors, or that it was ever intended to be the property of the Debtors.
Rather, the money was lent to Jeffrey Bechtold, the Debtors' son, by the
female Debtor's brother, Neal Thompson, as explained in the male Debtor's
Rule 2004 Examination, see p. 39, and the female Debtor's Rule 2004
Examination, see pp. 45 – 47, and the Debtors merely served as a conduit of
the money.

e. Answering Paragraph 8(e), it is denied that the money was property of the Debtors, or that it was ever intended to be the property of the Debtors. Rather, the money was lent to Tim Bechtold, the Debtors' son, by the female Debtor's brother, Neal Thompson, as explained in the male Debtor's Rule 2004 Examination, see p. 39, and the female Debtor's Rule 2004 Examination, see pp. 45 – 47, and the Debtors merely served as a conduit of the money.

f. Answering Paragraph 8(f), it is admitted that the Deed of Trust was not listed on the Statement of Financial Affairs. As shown in Paragraph 7 above, the Debtors made their previous attorney, Ms. Heath, aware of the Deed of Trust, as shown in the attached Exhibit C. Except as specifically admitted, Paragraph 8(f) is denied.

g. Answering Paragraph 8(g), it is admitted that the sale of the Rite Aid stock was not listed on the Statement of Financial Affairs. However, it appears that the Debtors did notify their former attorney, Angela M. Heath, of the sale of Rite Aid stock. Attached hereto as Exhibit D is a form that was used by the former law firm of Shuford Hunter, PLLC on which the prospective Debtor is directed to list income. As shown on Exhibit D, the Debtors did list the proceeds of the sale as "income," which should have alerted their former attorney to make sure that the sale was properly listed on the Statement of Financial Affairs. Except as specifically admitted, Paragraph 8(g) is denied.

h. Answering Paragraph 8(h), it is admitted that the sale of the Rite Aid stock was not listed on the Statement of Financial Affairs. However, it appears that the Debtors did not notify their former attorney, Angela M. Heath, of the sale of Rite Aid stock. Attached hereto as Exhibit D is a form that was used by the former law firm of Shuford Hunter, PLLC, on which the prospective Debtor is directed to list income. As shown on Exhibit D, the Debtors did list the proceeds of the sale as "income," which should have alerted their former attorney to make sure that the sale was properly listed on the Statement of financial Affairs. Except as specifically admitted, Paragraph 8(h) is denied.

9. The Debtors answer the subparts of Paragraph 9 of the Complaint as follows:

a. The $2,000.00, upon information and belief, was used to purchase a certified check to pay the former law firm of Shuford Hunter, PLLC for legal services. Therefore, the $2,000.00 was not a "payment to creditor."

b. The $760.00, upon information and belief, was paid to Tim Bechtold either to help Tim Bechtold in his move to a new job and a new city (Richmond, Virginia), or as a repayment of a short term loan. At this point, the Debtors cannot remember which. Any failure to list this was unintentional.

c. The $1,000.00, upon information and belief, was paid to Tim Bechtold either to help Tim Bechtold in his move to a new job and a new city (Richmond,

Virginia), or as a repayment of a short term loan. At this point, the Debtors cannot remember which. Any failure to list this was unintentional.

10. Answering Paragraph 10, it is admitted that the Debtors purchased approximately 53 acres of land in Missouri. It is denied that the purchase price was $71,000. Instead, the purchase price was a swap for a boat. It is admitted that the Debtors owed no money on the land.

11. Paragraph 11 is admitted. Mr. Cassidy had agreed to purchase the Missouri land. The Debtors were long-standing friends of his. The Debtors had been unable to sell the land, although it had been listed with a real estate agent. This was the first installment.

12. Paragraph 12 is admitted. This was the second installment.

13. Paragraph 13 is admitted. This was the third installment.

14. Paragraph 14 is admitted. However, as noted in Paragraph 16, the Deed was not recorded in Missouri until November 4, 2009.

15. Paragraph 15 is admitted. This was two-thirds of the fourth installment.

16. Paragraph 16 is admitted.

17. Paragraph 17 is admitted. This was the last third of the fourth installment.

18. Paragraph 18 is admitted upon information and belief. The Debtors had nothing to do with the timing of Mr. Cassidy's sale of the Missouri land to William Dummitt and William A. Crawford.

19. Paragraph 19 is admitted.

20. Paragraph 20 is admitted.  Mr. Cassidy was under no obligation to give the Debtors any money.

21. Paragraph 21 is admitted.

22. Answering Paragraph 22, it is admitted that Mr. Cassidy, who was under no obligation to do so, having paid $36,000 for the land pre-petition, gave the net proceeds of the land transfer to the Debtors as a gift, except for $9,000, which Mr. Cassidy gave to JoAnne Monaghan as a gift.

23. Paragraph 23 is admitted.  The male Debtor told his accountant that the amount was incorrect and that it needed to be fixed, but the accountant wanted to be paid for an amended return, and since it wouldn't make a difference as to the Debtors' tax situation, the Debtors did not file an amended return.

24. Paragraph 24 is denied.

25. Answering Paragraph 25, it is admitted that the Debtors used the proceeds of the sale of the land to Mr. Cassidy for $36,000 for their own benefit; that is, paying living expenses.

26. Paragraph 26 is denied.

27. Answering Paragraph 27, while it is admitted that the Debtors signed their bankruptcy petition under penalty of perjury, and under oath, they believed that their former attorney had competently prepared the bankruptcy petition and schedules.  The Debtors had no intention of concealing anything from the Bankruptcy Court or their trustee.  The Debtors have cooperated with their current

attorney and with the bankruptcy trustee and gave the trustee numerous

documents at the trustee's request.

28. The Debtors reallege their answers to Paragraphs 1 – 27 by reference.

29. Paragraph 29 is denied.

30. Paragraph 30 is denied.  The Defendants have been answering the Trustee's

questions beginning in March, 2010.  The Defendants always responded well within

the deadlines given to them either by the Trustee or his attorney.  Prior to the Rule

2004 examination, the Defendants submitted over 4,000 pieces of paper in a large

box from which their financial condition or business transactions might be

ascertained.  The Trustee's attorney demanded delivery of the information in a very

short period of time.

31. Paragraph 31 is denied.

32. Paragraph 32 is denied.


WHEREFORE, having answered the Complaint, the Debtors pray that the Court enter

judgment in their favor; that the Court enter their discharge in bankruptcy, and that the

Court grant such other and further relief as may be just and proper.

This 29ᵗʰ day of October,  2010.

G. Martin Hunter, N.C. Bar # 13557
Attorney for the Debtors
301 S. McDowell Street, Suite 1014
Charlotte, NC  28204
Tel. 704.377.8764

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing answer was served upon the attorney for the Trustee by CM/ECF electronic transmission this date.

This ___29th___ day of October, 2010.

G. Martin Hunter, N.C. Bar # 13557
Attorney for the Debtors