IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In Re: | ) | Bankruptcy Case No. 10-30013 |
| | ) | Chapter 7 |
| JAMES WILLIAM BECHTOLD and | ) | |
| CAREN LEE BECHTOLD, | ) | Adversary Proceeding No. 10-3255 |
| Debtors | ) | |
| _____ | ) | |
| | ) | |
| LARRY M. STILES, Trustee for the | ) | |
| Bankruptcy Estate of James William Bechtold | ) | |
| and Caren Lee Bechtold, | ) | **MOTION TO APPROVE SETTLEMENT** |
| | ) | **WITH DEBTORS** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| JAMES WILLIAM BECHTOLD and | ) | |
| CAREN LEE BECHTOLD , | ) | |
| | ) | |
| Defendants. | ) | |

The Trustee, Larry M. Stiles, respectfully moves the Court to approve the settlement of claims asserted in the above referenced adversary proceeding with James William Bechtold and Caren Lee Bechtold ("Debtors"), pursuant to Bankruptcy Rule 9019 and states as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are § 541 of the Bankruptcy Code and Bankruptcy Rule 9019.

2. Larry M. Stiles is the duly appointed and acting Chapter 7 Trustee in the bankruptcy case of James William Bechtold and Caren Lee Bechtold filed on January 5, 2010, in the United States Bankruptcy Court for the Western District of North Carolina; Bankruptcy Case No. 10-30013 (the "Bankruptcy Case").

3. On September 29, 2010, the Trustee filed an adversary proceeding against the Debtors objecting to their discharge; Adversary Proceeding No. 10-3255 (the "Adversary Proceeding").

4. The Debtors have denied the material allegations of the Adversary Proceeding and have asserted defenses thereto and deny liability to the Trustee.

5. Subject to the approval of the Court, the parties have negotiated a settlement to resolve the claims asserted in the Adversary Proceeding, which is documented in the proposed Consent Order attached hereto as "Exhibit A."

6. The significant terms of the proposed Consent Order are as follows:

   a. Subject to the approval of the Court, the parties have agreed to settle the Trustee's claims asserted against the Debtors whereby the female Debtor, Caren Lee Bechtold, will receive a discharge in the Bankruptcy Case and the male Debtor, James William Bechtold, will be denied a discharge in the Bankruptcy Case.

   b. The parties have also agreed to the entry of a judgment by the Bankruptcy Court in the Adversary Proceeding denying the entry of the male Debtor's, James William Bechtold, discharge in the Bankruptcy Case and dismissing the Trustee's claims against the female Debtor, Caren Lee Bechtold, with prejudice.

7. With respect to the compromise of a controversy, Bankruptcy Rule 9019(a) provides that:

   "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct."

8. It is well established that compromises are favored in bankruptcy. See Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3rd Cir 1996). In approving a settlement agreement, the court need conduct neither an exhaustive investigation into the validity of, nor a mini-trial on, the merits of the claims sought to be compromised. See United States v. Alaska Nat'l Bank (In re Walsh Constr., Inc.), 669 F.2d 1325 (9th Cir. 1982). Rather, it is sufficient that the court find that the settlement was negotiated in good faith and is reasonable, fair and equitable. See Martin v. Kane (In re A & C Properties), 784 F.2d 1377, 1381 (9th Cir.), cert. denied, 479 U.S. 854 (1986).

9. Courts have identified the following factors for consideration in determining whether a proposed settlement agreement is reasonable, fair and equitable:

> (i) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of creditors.

See In re Martin, 91 F.3d at 393 (3rd Cir. 1996) (citing Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25, 88 S. Ct. 1157, 1163-64 (1968)); In re Louise's Inc., 211 B.R. 798 (D. Del. 1997).

10. The consideration of the above factors does not require the court to decide the questions of law and fact raised in the controversies to be settled, or to determine whether the settlement presented is the best one that could possibly have been achieved. Rather, the court need only canvass the issues to determine whether the settlement falls "below the lowest point in the zone of reasonableness." Newman v. Stein, 464 F.2d 689, 698 (2nd Cir.), cert. denied sub nom. Benson v. Newman, 409 U.S. 1039 (1972); see also Anaconda-Ericsson, Inc v. Hassen (In re Teltronics Serv., Inc.), 762 F.2d 185, 189 (2d Cir. 1985); Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2nd Cir.), cert. denied, 464 U.S. 822 (1983). Finally, although the court should "give deference to the reasonable views of creditors, objections do not rule. It is well established that compromises are favored in bankruptcy." In re Lee Way Holding Co., 120 B.R. 881, 891 (Bankr. S. D. Ohio 1990).

11. The Trustee's counsel has evaluated the claims and defenses raised by the parties and determined that the best interest of the bankruptcy estate is served by these matters settling as set forth herein. After negotiations between the parties, the Trustee entered into the agreement in order to avoid the uncertainties and costs of litigating the matters to conclusion.

12. Subject to the approval of the Bankruptcy Court, the parties have agreed to settle the claims arising out of the Adversary Proceeding according to the terms enumerated on paragraphs five (5) and six (6) above.

13. The Trustee and his counsel believe that the settlement proposed herein is in the best interest of the bankruptcy estate and all creditors, and is reasonable, fair, and equitable.

WHEREFORE, the Trustee respectfully prays the Court that it enter an Order approving the settlement, thereby authorizing the Trustee to settle the matters as set forth above and that he be granted such other and further relief as the Court deems just and proper.

This the 14th day of March, 2011.

/s/ Stephanie E. Richmond
Stephanie E. Richmond, Bar No. 40732
Attorney for Trustee
4600 Park Road, Suite 420
Charlotte, NC 28209; (704) 540-3622

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a copy of the MOTION TO APPROVE SETTLEMENT WITH DEBTORS by either Electronic Case Filing as indicated or depositing copies of same in the exclusive care and custody of the United States Postal Service, with proper postage thereto affixed to the below listed parties this 14th day of March, 2011.

| | |
|---|---|
| G. Martin Hunter<br>Attorney for Debtors | Via Electronic Case Filing |
| Larry M. Stiles<br>Trustee | Via Electronic Case Filing |
| John W. Taylor<br>Attorney for Trustee | Via Electronic Case Filing |
| Linda Simpson<br>Bankruptcy Administrator | Via Electronic Case Filing |

/s/ Stephanie E. Richmond
Stephanie E. Richmond, Bar No. 40732
4600 Park Road, Suite 420
Charlotte, NC 28209
(704) 540-3622